UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80685-CIV-SMITH

ARRIVA MEDICAL LLC,

        Plaintiff,

v.

SECRETARY OF THE UNITED STATES
DEPARTMENT OF HEALTH & HUMAN SERVICES,

        Defendant.
_____/

## ORDER AFFIRMING REPORT AND RECOMMENDATION AND SETTING BRIEFING SCHEDULE

On May 24, 2019, Plaintiff, Arriva Medical, LLC, instituted this action, challenging the Centers for Medicare and Medicaid Services' ("CMS") revocation of Plaintiff's Medicare supplier number and billing privileges, a decision upheld by the Department of Health and Human Services' ("DHHS") Departmental Appeals Board ("DAB"). (*See* Compl. [DE 1].) Defendant, Alex M. Azar, II, in his official capacity as the Secretary of DHHS, filed the Administrative Record [DE 30] on August 23, 2019. Plaintiff subsequently filed a Motion to Complete and Supplement the Administrative Record [DE 37]. Defendant filed a Response in Opposition to the Motion [DE 40] and Plaintiff filed a Reply [DE 42]. The Motion was referred to Magistrate Judge William Matthewman, who issued a Report and Recommendation [DE 56] recommending that the Motion be denied. On September 8, 2020, Plaintiff filed Objections to the Report and Recommendation [DE 57] and, on September 22, 2020, Defendant filed a Response to the Objections [DE 64]. As explained below, upon consideration, the Report and Recommendation is affirmed and adopted, Plaintiff's Objections are overruled, and Plaintiff's Motion is denied.

## I. STANDARD OF REVIEW

To "challenge the findings and recommendations of the magistrate, a party must . . . [file] written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Upon receipt of objections meeting the specificity requirement set out above . . . [the district court] . . . make[s] a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." *Id.* "The district judge reviews legal conclusions *de novo*, even in the absence of an objection." *Lacy v. Apfel*, No. 2:97-CV-153-FTM-29D, 2000 WL 33277680, at *1 (M.D. Fla. Oct. 19, 2000) (citing *Cooper–Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

## II. DISCUSSION

In its Objections, Plaintiff argues that the Magistrate Judge erred in finding that its Motion should be denied. The Court will first address the statutory framework governing judicial review of this matter and then decide whether completion or supplementation of the record is warranted, as Plaintiff contends.

### A. Statutory Framework

"Title XVIII of the Social Security Act, 79 Stat. 291, as amended, 42 U.S.C. § 1395 *et seq.*, commonly known as the Medicare Act, establishes a federally subsidized health insurance program to be administered by the Secretary [of DHHS]." *Heckler v. Ringer*, 466 U.S. 602, 605 (1984). The Secretary may terminate a Medicare provider's agreement if the Secretary determines the provider failed to comply substantially with provisions of its provider agreement, or with certain provisions of the Medicare Act or its regulations. 42 U.S.C. § 1395cc(b)(2). An institution

dissatisfied with a determination by the Secretary is entitled to a hearing to the extent provided in 42 U.S.C. § 405(b), and to judicial review of the Secretary's final decision after such hearing as provided in 42 U.S.C. § 405(g)—the judicial review provision of the Social Security Act.  42 U.S.C. § 1395cc(h)(1)(A).[1]

Thus, 42 U.S.C. § 405(g) is the exclusive basis of the court's jurisdiction for actions to review final decisions of the Secretary.  42 U.S.C. § 405(h); *Heckler*, 466 U.S. at 614-15 ("42 U.S.C. § 405(h), made applicable to the Medicare Act[,] . . . provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act.").  Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the [Secretary] . . . may obtain a review of such decision by a civil action commenced within sixty days . . . in the district court of the United States . . . . As part of the [Secretary]'s answer the [Secretary] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing. The findings of the [Secretary] as to any fact, if supported by ***substantial evidence***, shall be conclusive . . . .

(emphasis added).

Here, Defendant filed the Administrative Record on August 23, 2019.  In the Motion, Plaintiff argues that the Administrative Record is not complete and should be supplemented. Legally, these are separate requests and, therefore, they will be addressed separately.  *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 2:19-CV-14243, 2020 WL 2732340, at * 8

---

[1] Plaintiff filed this action under 42 U.S.C. § 1395cc(j)(8), which incorporates § 1395cc(h)(1)(A). Under that section: "A provider of services or supplier whose application to enroll (or, if applicable, to renew enrollment) under this subchapter is denied may have a hearing and judicial review of such denial under the procedures that apply under subsection (h)(1)(A) to a provider of services that is dissatisfied with a determination by the Secretary." 42 U.S.C. § 1395cc(j)(8).

(S.D. Fla. May 26, 2020) ("[C]ourts treat motions to complete as analytically distinct from motions to supplement.").

### B. Completion of the Record

"[T]he designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (citation omitted). "The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Id.* Therefore, "[t]o prevail on a motion to complete the record, the plaintiff must overcome the presumption of regularity that attaches to an agency's designation by identifying 'reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record.'" *Ctr. for Biological Diversity*, 2020 WL 2732340, at *8 (citation omitted). "A motion to complete the record must clearly set forth: (1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *Id.* (citation and quotation marks omitted).

Here, Plaintiff has not provided evidence to overcome the presumption of regularity that attaches to Defendant's designation. Plaintiff does not identify documents purportedly missing from the record and Plaintiff does not state when the documents were presented to the agency, to whom, and under what context. Moreover, at the hearing held before the Court on September 25, 2020, counsel for Defendant stated on the record that the Administrative Record contains all documents that were before the DAB when it made its final decision, including CMS's decision and any evidence Plaintiff submitted in support of it papers for inclusion in the record. (Tr. of Sept. 25, 2020 Hr'g 2:2-14; 5:9-15.)

Plaintiff broadly argues that DHHS "has declined to compile a record of the materials CMS considered when it decided how to exercise its discretion in this case." (Objs. at 9.) The scope of

the Court's review under 42 U.S.C. § 405(g) is limited to whether the agency's final decision is "supported by substantial evidence." The statute, therefore, does not give this Court latitude to sanction a phishing expedition by the Plaintiff to uncover CMS's internal decision-making process or to ferret out how CMS exercises its discretion. And, Plaintiff's constitutional due process claim—assuming for purpose of this discussion that the claim has been properly pled—does not relieve Plaintiff of its burden to provide the Court with *clear evidence* that Defendant's designation of the record is improper. Plaintiff's speculative arguments are simply not enough.

In sum, Plaintiff has not met its burden of overcoming the presumption that the record is complete. As a result, the motion to complete must be denied.

### C. Supplementation of the Record

"[S]upplementation of the record deals with 'materials which were not considered by the agency, but which are necessary for the court to conduct a substantial inquiry.'" *BBX Capital Corp. v. Fed. Deposit Ins. Corp.*, No. 17-62317-CIV, 2018 WL 6531601, at *1 (S.D. Fla. Aug. 15, 2018) (citation omitted). Because Plaintiff conflates its requests to complete the record and to supplement the record, it is not entirely clear what supplemental material Plaintiff seeks to add. Nonetheless, the Court notes Plaintiff's request to conduct discovery to show CMS' bad faith. (*See* Mot. at 15-17.)

"Supplementation of the record is appropriate only 'under extraordinary circumstances.'" *BBX Capital Corp.*, 2018 WL 6531601, at *3 (citing *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004)). Indeed, "[t]he focal point for judicial review of an administrative agency's action should be the administrative record." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citation omitted). "The role of the court is not to conduct its own investigation and substitute its own judgment for the

administrative agency's decision." *Id.* (citation omitted). "Rather, the task of the reviewing court is to apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court." *Id.* (citation and internal marks omitted). "Thus[,] while certain circumstances may justify going beyond the administrative record, a court conducting a judicial review is not 'generally empowered' to do so." *Id.* (citation omitted). Therefore, this Circuit recognizes a limited set of circumstances under which supplementation may be warranted: where "1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; 3) technical terms or complex subjects need to be explained; or 4) there is a strong showing of agency bad faith or improper behavior." *Id.* at 1246 n.1 (citation omitted).

Upon hearing Plaintiff's argument and reviewing the case record, it is evident that Plaintiff has not shown that any of the circumstances warranting supplementation are present. DHHS explained that it revoked Plaintiff's Medicare privileges because it billed for items and services for deceased Medicare beneficiaries. Plaintiff does not deny that this billing occurred, even though Plaintiff maintains that it was inadvertent. (*See, e.g.*, Compl. ¶¶ 38-54.) Additionally, as discussed above, Plaintiff has not shown that the agency, in reaching its final decision, relied on material that is not in the record.

Moving to the next factor, Plaintiff has not presented evidence to support a finding that DHHS engaged in improper behavior or acted in bad faith. In its Objections, Plaintiff argues that the Magistrate Judge should have found bad faith because an email filed in support of the Motion reveals "[c]onversations with CMS's own Acting Administrator, Andy Slavitt," which suggests Arriva was targeted in retaliation for filing "more than 250,000 administrative appeals, which contributed to a backlog that earned CMS a judicial rebuke." (Objs. at 18-19.) The Court is not

convinced that the email establishes such motive on the part of CMS and, overall, Plaintiff has not made a "strong showing" of bad faith or improper behavior. As for the final factor, there are no technical terms or complex subjects that need to be explained in this action to warrant supplementation. Hence, the Magistrate Judge properly concluded that Plaintiff's motion to supplement the record should be denied.[2]

Accordingly, it is

**ORDERED** that:

    **1.** The Report and Recommendation [DE 56] is **AFFIRMED AND ADOPTED.** Consequently, Plaintiff's Motion to Complete and Supplement the Administrative Record [DE 37] is **DENIED.**

    2. The parties shall comply with the following briefing schedule:

        A.    No later than **October 30, 2020**, Plaintiff shall file a motion for summary judgment, setting forth the reasons for relief and including citations to the Administrative Record and relevant legal authorities. The motion shall not exceed twenty (20) double-spaced pages in 12-point Times New Roman font.

        B.    No later than **November 30, 2020**, Defendant shall file, in one brief, its response to Plaintiff's motion for summary judgment and Defendant's motion for summary

---

[2] Plaintiff further argues that the "Magistrate Judge also failed to engage with the evidence of bad faith on the part of CMS." (Objs. at 18-19.) In support of this argument, Plaintiff cites to allegations in the Complaint and the Slavitt email referenced above. (*See id.*) Allegations in a Complaint do not constitute evidence and, as the Court concluded above, the Slavitt email, by itself, fails to establish bad faith or improper conduct. Plaintiff also faults the Magistrate Judge for failing to "consider [its] constitutional arguments . . . [or] explain how [Plaintiff]'s due process claim against CMS can be fairly and constitutionally litigated if there is no mechanism for seeking evidence to support that claim." But, it is not the Court's duty to show that supplementation is warranted; it is Plaintiff's. And, Plaintiff has not carried its burden. Additionally, Plaintiff's summary judgment motion is the appropriate forum to decide the merits of its constitutional claim, not this Motion.

judgment. The brief shall not exceed thirty (30) double-spaced pages in 12-point Times New Roman font.

    C.  No later than **December 18, 2020**, Plaintiff may file, in one brief, a response to Defendant's motion for summary judgment and reply to Defendant's response to Plaintiff's motion for summary judgment. The brief shall not exceed fifteen (15) double-spaced pages in 12-point Times New Roman font.

  **DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of September 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE


Cc: All parties of record